# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5071 | **DATE** | 7/25/2003 |
| **CASE TITLE** | Allen Bennett vs. Supt. Terry Hillard, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Bennett is granted leave to proceed without full prepayment of the filing fee and is assessed an initial partial filing fee of $1.65. Bennett is denied leave to proceed against Superintendent Hillard and State's Attorney Devine, who are dismissed as defendants. Process is ordered to be served on Assistant State's Attorney Pernecke and an initial status hearing is set for 8:45 a.m. September 10, 2003. The Clerk is directed to issue summons as to defendant Pernecke and forward to the United States Marshal for service.
(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN BENNETT,                )
                              )
         Plaintiff,           )
                              )
    v.                        )    No. 03 C 5071
                              )
SUPT. TERRY HILLARD, et al.,  )
                              )
         Defendants.          )

MEMORANDUM OPINION AND ORDER

Allen Bennett ("Bennett") has tendered a self-prepared Complaint[1] that targets Chicago Police Superintendent Terry Hillard, Chicago Police Officers Katherine Crow and S. Henricks, Cook County State's Attorney Richard Devine and Assistant State's Attorney Joan Pernecke ("Pernecke") and asks for the modest sums of $5 million in compensatory damages and $10 million in punitive damages (as well as seeking some injunctive relief and requesting attorney's fees). This memorandum opinion and order is entered to speak to a number of the issues posed by Bennett's effort.

To begin with, because his lawsuit does not implicate prison conditions, Bennett is not confronted with any obligation to exhaust administrative remedies as provided in 42 U.S.C. §1997e(a). Thus the first issue to be addressed here relates to

---

[1] Bennett's submission is "self-prepared" in the sense that he has used the form of 42 U.S.C. §1983 ("Section 1983") complaint provided by this District Court's Clerk's Office for prisoner plaintiffs by filling in the blanks in the form, adding typewritten "factual allegations" and attaching various exhibits that are referred to in those allegations.

Bennett's simultaneously-filed Application To Proceed Without Prepayment of Fees ("Application"), which he has properly accompanied by a printout reflecting transactions in his inmate trust fund at Big Muddy River Correctional Center ("Big Muddy"), where he is now serving time.

That printout lists, as the only deposits to the account during the six-month period before Bennett tendered this lawsuit, some small payroll amounts, with the monthly average of those deposits during that time frame being just $8.23. In accordance with 28 U.S.C. §1915(b)(1), the Application is granted only to the extent that no full prepayment of the $150 filing fee is required--instead the initial partial payment that must be made is $1.65, with future installments toward the $150 total required to be made in accordance with that statute. Accordingly Bennett is assessed such an initial partial filing fee of $1.65, and the Big Muddy trust fund officer is ordered to collect that partial filing fee from Bennett's trust fund account there and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at Big Muddy or any other correctional facility where Bennett is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the

amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Bennett's name and the 03 C 5071 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Big Muddy trust fund officer.

To turn to the substance of Bennett's claims, his Complaint contains no allegations whatever of any conduct that is ascribable to either Superintendent Hillard or State's Attorney Devine. Accordingly leave is <u>not</u> granted to proceed against them, and they are dismissed as defendants.

Next, it is noteworthy that if Bennett were to be given the benefit of the earliest possible date of July 1, 2003 for the present action (that is the date when the Big Muddy official supervising Bennett's trust fund signed the accompanying certificate), the two year statute of limitations applicable to Section 1983 claims would foreclose any pre-July 1, 2001 conduct as the predicate for any claimed deprivation of constitutional rights.[2] In this instance the only actions ascribed to Officer

---

[2] Some later date in July 2003 might be more logical, because Bennett's papers were not received in the Clerk's Office until July 22, but as the further text reflects that would make no difference.

3

Crow are (1) her June 2000 arrest of Bennett (Complaint ¶10) and (2) her May 2001 testimony during the criminal proceeding against Bennett (Complaint ¶11 and Ex. 2), while Officer Henricks was allegedly involved only in the June 2000 arrest (Complaint ¶10). That would almost certainly seem to doom any claim against the two officers on limitations grounds, but it is always of course possible that a defendant might waive a statute of limitations defense. Accordingly this Court will not now dismiss them from this action sua sponte, but will instead transmit a copy of this opinion to the City of Chicago's Corporation Counsel's Office for their attention.[3]

That leaves for consideration only Pernecke, whom Bennett charges with the authorship of a document (Complaint Ex. 7) headed "Official Statement of Facts" in Case No. 00 CR 15816 that describes Bennett's criminal background and labels him as an extremely dangerous man.[4] In addition to the claimed deliberate

---

[3] If the officers intend to assert rather than to waive the obviously available statute of limitations defense, the Corporation Counsel might well consider doing so without awaiting service of process on the officers.

[4] Bennett's own Complaint allegations reveal a long-term and appalling criminal record, including convictions for brutal conduct, but he claims that the Ex. 7 "Official Statement" included some false information that exaggerated his criminal background. Even if that were so, there is obviously some question whether any incremental tarring of Bennett's record and character might qualify for de minimis non curat lex treatment--something that in turn could bear on whether he has asserted a violation of his constitutional rights (a subject addressed briefly later in the text). But those matters are

4

falsity of some of the things said there, Bennett charges prosecutor Pernecke with having submitted a deliberately altered rap sheet during pretrial proceedings stemming from the June 2000 arrest (Complaint ¶¶15-16 and 19-21).

Because Bennett's allegations must be credited for present purposes, it will suffice for now to identify some questions that need answering:

1. Ex. 7 is undated, so it is unclear whether it was written by Pernecke and then submitted to anyone within or without the two-year limitation period that controls for Section 1983 purposes.

2. It is also unclear for what purpose and under what circumstances Ex. 7 was prepared and used, so it cannot be ascertained from the Complaint alone whether any violation of Bennett's constitutional rights (which would be needed to make his claim viable under Section 1983) was involved. Those uncertainties and others prevent any initial conclusion as to whether or not Pernecke is insulated against Section 1983 liability by the absolute prosecutorial immunity defined in the principal caselaw authorities (Imbler v. Pachtman, 424 U.S. 409 (1976), Burns v. Reed, 500 U.S. 478 (1991), Buckley v. Fitzsimmons, 509 U.S. 259 (1993) and Kalina v. Fletcher, 522 U.S. 118 (1997)) or their

---

obviously not ripe for consideration at this threshold stage.

progeny--or even if not, whether qualified immunity applies. This listing is not intended to be exhaustive, but it suffices to dictate the need for service of process on Pernecke so that the future course of this lawsuit may be ascertained.

## Conclusion

This will summarize the orders appropriately called for by the foregoing discussion:

1. Bennett is granted leave to proceed without the full prepayment of the $150 filing fee, but he is obligated to pay that entire fee in installments in accordance with the statutory requirements described earlier.

2. Bennett is denied leave to proceed against Superintendent Hillard and State's Attorney Devine, who are dismissed as defendants.

3. Because Bennett's claims against police officers Crow and Henricks are clearly barred by limitations, but it is of course conceivable (though highly unlikely) that a limitations defense might be waived, process is not ordered to be served on them. Instead the Corporation Counsel's Office is being apprised of this action, and their response on behalf of the officers will be awaited by this Court.

4. Process is ordered to be served on Assistant State's Attorney Pernecke, and an initial status hearing will be held at 8:45 a.m. September 10, 2003. Because

Bennett is in custody, Pernecke's counsel will be expected to make necessary arrangements for his availability by telephone to participate in that hearing.

It remains to be seen whether this action may give rise to a "strike" for purposes of 28 U.S.C. 1915(g), or whether 28 U.S.C. §1915A(b) may call for any further dismissal of Bennett's claims, or even whether the circumstances are such as to call for consideration of any further sanctions against Bennett.

                                    /s/ Milton I. Shadur
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: July 25, 2003