# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5071 | **DATE** | 9/11/2003 |
| **CASE TITLE** | Allen Bennett vs. Supt. Terry Hilllard, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly Fitzgerald is also dismissed as a defendant, and it is unnecessary for process to issue against him. As for newly added defendant Deenihan (as well as ongoing defendant Pernecke), it will remain to be seen whether either or both of time is or are amenable to suit in this Section 1983 action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 1 2 2003 | 11 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | SN docketing deputy initials | |
| | Mail AO 450 form. | 9/11/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in Central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN BENNETT,                )
                              )
          Plaintiff,          )
                              )
     v.                       )    No. 03 C 5071
                              )
SUPT. TERRY HILLARD, et al.,  )
                              )
          Defendants.         )

DOCKETED
SEP 1 2 2003

MEMORANDUM OPINION AND ORDER

Pro se litigant Allen Bennett ("Bennett") has now substituted a First Amended Complaint ("FAC") for his originally-filed Complaint that this Court addressed in its July 25, 2003 memorandum opinion and order ("Opinion"). Because Opinion at 3 pointed out that Bennett had set out no allegations at all that would support a claim against then Chicago Police Superintendent Terry Hillard or Cook County State's Attorney Richard Devine, he has dropped them as defendants in the FAC. But in their place Bennett has added two new defendants: Assistant State's Attorney James Fitzgerald ("Fitzgerald") and L. Deenihan ("Deenihan"), apparently someone involved in the probation process. This memorandum opinion and order is issued sua sponte to refine the FAC further.

To begin with, Bennett had understandably retained Chicago Police Officers Katerine Crow and S. Henricks as defendants because Opinion at 3-4, while pointing out that any potential 42 U.S.C. §1983 ("Section 1983") claim against either of them was

clearly outside of the two-year statute of limitations, recognized that there was still a possibility (however remote) that they might not raise the issue of untimeliness (an affirmative defense under Fed. R. Civ. P. 8(c)). But because the City of Chicago's Corporation Counsel has indeed (and not surprisingly) raised the limitations issue by oral motion, this Court has previously dismissed those two defendants from the action.

As to newly named defendant Fitzgerald, this Court had already set a September 10 status hearing in this matter, with counsel for remaining defendant Joan Pernecke having arranged (at this Court's request) to have Bennett participate by telephone from his place of confinement at Big Muddy River Correctional Center. During that hearing this Court advised Bennett that it would proceed to give immediate consideration to whether attorney Fitzgerald was entitled to absolute prosecutorial immunity.

In that respect, FAC ¶52 identifies Fitzgerald's only involvement vis-a-vis Bennett as having filed an objection to Bennett's pro se motion for an I-bond in the Illinois Appellate Court, and Bennett also confirmed that during the course of the September 10 status hearing. Under those circumstances, the seminal decision in Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) teaches that such prosecutorial activity--plainly performed by Fitzgerald in the role of advocate--is absolutely

immune. That has been reconfirmed time and again since <u>Imbler</u> (see, e.g., <u>Burns v. Reed</u>, 500 U.S. 478 (1991)).

Accordingly Fitzgerald is also dismissed as a defendant, and it is unnecessary for process to issue against him. As for newly added defendant Deenihan (as well as ongoing defendant Pernecke), it will remain to be seen whether either or both of them is or are amenable to suit in this Section 1983 action.

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: September 11, 2003