# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5071 | **DATE** | 10/2/2003 |
| **CASE TITLE** | Allen Bennett vs. Supt. Terry Hillard, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Pernecke's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the second portion of this opinion, Bennett's suit against Pernecke cannot be sustained because she is protected by absolute prosecutorial immunity. Accordingly Pernecke's motion is granted on that ground, and she is dismissed as a defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT - 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/2/2003 | |
| SN | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 03 OCT -2 PM 4:11 Date/time received in Central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN BENNETT,            )
                          )
          Plaintiff,      )
                          )
     v.                   )   No. 03 C 5071
                          )
SUPT. TERRY HILLARD, et al., )
                          )
          Defendants.     )

DOCKETED
OCT - 3 2003

MEMORANDUM OPINION AND ORDER

Assistant State's Attorney Joan Pernecke ("Pernecke"), represented by Assistant State's Attorney Stephen Garcia as a member of the "Special Projects and Assignments" division of Cook County State's Attorney Richard Devine's Office, has moved to be dismissed from the 42 U.S.C. §1983 ("Section 1983") action that has been brought against her and three other defendants by prison inmate Allen Bennett ("Bennett"). Before this memorandum opinion and order turns to the ultimately successful argument that has been advanced in support of the motion, something must be said about the near frivolous argument with which the motion and its supporting memorandum begin.

Sensible litigation strategy calls for leading from strength (lawyering is not after all like musical composition, which sometimes creates an effect by beginning pianissimo and building through a crescendo[1]). Yet after outlining the nature of

---

[1] In that respect, the most familiar example (unfortunately hackneyed through overexposure) is Ravel's Bolero.

Bennett's claims against Pernecke, attorney Garcia begins the supporting memorandum's legal discussion by spending fully one-fourth of the remaining ten pages on the unsound contention that Pernecke is absolutely immune from suit under the Eleventh Amendment.

Maybe the best demonstration of the lack of thought involved in making that argument is contained in its final paragraph (Mem. 6):

> There are no allegations contained in plaintiff'' [sic] complaint that ASA Pernecke was acting other than in her official capacity in the prosecution of his criminal matter. Therefore, plaintiff's claims against ASA Pernecke in her official capacity are jurisdictionally barred by the Eleventh Amendment.

That impermissibly confuses the capacity in which Pernecke <u>acted</u> (official) with the capacity in which she is being <u>sued</u> (individual). That is of course nonsensical:

1. If Pernecke were <u>not</u> acting in her official capacity, she would not be a "state actor" and therefore could not be sued under Section 1983 to begin with.

2. Yet as attorney Garcia would have it, the very fact that lets Bennett into the federal courthouse door--conduct by Assistant State's Attorney Pernecke acting officially, and hence under color of state law--simultaneously forces Bennett out of that door just <u>because</u> Pernecke acted officially.

Only after painstakingly setting up and then purportedly

2

knocking down that straw man does the Memorandum get down to reality: In addition to protecting the state and its agencies themselves, Eleventh Amendment immunity attaches to state employees who are sought to be sued qua state--that is, in their official capacities. In that respect, it has been more than a decade since a unanimous Supreme Court in Hafer v. Melo, 502 U.S. 21 (1991) acted to correct the kind of muddied thinking that Pernecke's counsel has exhibited.[2] That opinion should be mandatory reading for all persons in the State's Attorney's Office and in all other public law offices, but for present purposes it is enough to quote its final substantive paragraph (id. at 31):

> We hold that state officials, sued in their individual capacities, are "persons" within the meaning of §1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under §1983 solely by virtue of the "official" nature of their acts.

Attorney Garcia seeks to extricate himself from the grip of that principle by pointing to the facts (1) that Bennett's First Amended Complaint ("FAC") does not say that he is suing Pernecke individually and (2) that our Court of Appeals has from time to time opined that "[a] §1983 complaint that fails to specify the capacity in which the defendants are being sued is ordinarily

---

[2] Indeed, it should scarcely have been necessary for the Supreme Court to address the issue in Hafer, for the matter was really settled almost three decades ago in Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974).

3

construed to be against them in their official capacity" (<u>Stevens v. Umsted</u>, 131 F.3d 697, 706 (7th Cir. 1997), cited and quoted at Mem. 6 n.2). But that argument stops short of recognizing that <u>Stevens</u> itself then goes on (<u>id</u>. at 707) to acknowledge that such presumptive treatment is not at all conclusive and that it is necessary to "consider the manner in which the parties have treated the suit" (<u>id</u>., quoting <u>Conner v. Reinhard</u>, 847 F.2d 384, 394 n.8 (7th Cir. 1988)).[3] And in this case the inquiry is answered definitively by Bennett's modest demand for $10 million in <u>punitive</u> damages, which cannot of course be extracted from the state--an unequivocal and conclusive demonstration that Pernecke and her codefendants are being sued in their individual capacities rather than as proxies for the state.[4]

---

[3] Just a few minutes' research has disclosed at least two other cases that temper such presumptive treatment in the same way: <u>Armstrong v. Squadrito</u>, 152 F.3d 564, 580-81 (7th Cir. 1998) and <u>Brokaw v. Mercer County</u>, 235 F.3d 1000, 1013 n.7 (7th Cir. 2000). There may well be more authority that similarly dilutes the proposition urged by attorney Garcia, but there is no need to expand the search to see if that is the case.

[4] It must be said in candor that the presumption first quoted from <u>Stevens</u>, which found its origin in <u>Kolar v. Sangamon County</u>, 756 F.2d 564, 568 (7th Cir. 1985), is itself dubious. As <u>Hafer</u> and other cases make clear, it is always necessary to allege that state officials are acting under color of law to bring a Section 1983 lawsuit against them in the first place. To turn that essential allegation around to disfavor a plaintiff, even presumptively, does not make much sense--in real world terms the norm would seem to cut the other way. But in all events the more sensible approach is to look at the nature of the complaint (as <u>Stevens</u> and other cases (see n. 3) have gone on to do) to see which alternative seems more logical. Moreover, it is particularly troublesome to apply any adverse presumption against

4

It is regrettable to have had to engage in what under the circumstances of this case will turn out to be a digression. But the very label of a "Special Projects and Assignments" division suggests some level of expertise, and its members surely ought to know better. Here the message is plain: Either eliminate this type of groundless argument entirely from the State's Attorney's analytical arsenal or, if the State's Attorney feels it should be retained for some purposes, be sure to limit its use to situations (unlike the present one) in which the notion of Eleventh Amendment immunity makes at least arguable sense.

But with all of that having been said, Pernecke fares far better on the other contention--one of absolute prosecutorial immunity--that has been submitted on her behalf. That doctrine plainly calls for granting her dismissal as a defendant, and it really requires little discussion to do so.

After Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) made it clear that no prosecutor may be sued for activities that are "intimately associated with the judicial phase of the criminal process, functions to which the reasons for absolute immunity apply with full force," the Supreme Court has gone on to refine the analysis in such cases as Burns v. Reed, 500 U.S. 478 (1991)

---

a pro se litigant, who can scarcely be expected to be aware of any need to make specific what should be obvious from his or her complaint and whose pleading, in addition, is entitled to the generous reading mandated by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam).

and Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Both actions that the FAC has ascribed to Pernecke plainly fall on the immunity side of the divide marked out by those cases.

Thus FAC ¶46 alleges:

> On October 15, 2002, the defendant Pernecke introduced the arresting police officer inconnection with the 78-C-760 case in an attempt to impress upon the trial-court that this case was a conviction.

Although Bennett's use of the word "introduced" in that allegation is somewhat unclear, it becomes obvious from reading FAC ¶47 and Ex. 7(a)(which is the Order of Commitment and Sentence to Illinois Department of Corrections) that what is referred to in FAC ¶46 is the sentencing hearing that stemmed from Bennett's April 11, 2002 conviction in a jury trial (FAC ¶42)--Ex. 7 shows that Bennett's sentence was imposed on the very same October 15, 2002 date when Pernecke is said to have engaged in the complained-of conduct. That activity was plainly prosecutorial in its nature, and hence it was absolutely immune.

As for Bennett's remaining claim against Pernecke, FAC ¶¶48, 49 and 54 charge her with having lodged a false Official Statement of Facts with the Department of Corrections in March 2003. In that regard the preparation and transmittal of such statements by State's Attorneys is mandated by Illinois law (730 ILCS 5/5-4-1(d)), as to which Dennis E. v. O'Malley, 256 Ill.App.3d 334, 337, 628 N.E. 2d 362, 365 (1st Dist. 1993) explains the statutory requirement and its use. In short, on

6

that score the Illinois General Assembly has expressly designated the action about which Bennett complains to be a prosecutorial function--and that being the case, once again absolute immunity shields Pernecke.

## Conclusion

For the reasons stated in the second portion of this opinion, Bennett's suit against Pernecke cannot be sustained because she is protected by absolute prosecutorial immunity. Accordingly Pernecke's motion is granted on that ground, and she is dismissed as a defendant. But it will be said once more that her counsel should take heed of the bootlessness of the leadoff argument that counsel chose to advance in both the dismissal motion and its supporting memorandum.

Milton I. Shadur
Senior United States District Judge

Date: October 2, 2003