| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5071 | **DATE** | 11/24/2003 |
| **CASE TITLE** | Allen Bennett A81422 vs. Joan Pernecke, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the n of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly Bennett has plea himself out of court as to sole remaining defendant Deenihan. Deenihan is therefore also dismissed a defendant, and that means that this entire action is now dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/24/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN BENNETT A81422,         )
                              )
         Plaintiff,           )
                              )
    v.                        )   No. 03 C 5071
                              )
JOAN PERNECKE, et al.,        )
                              )
         Defendants.          )



NOV 2 5 2003

MEMORANDUM OPINION AND ORDER

Only one defendant, Investigating Probation Officer L. Deenihan ("Deenihan"), remains in this 42 U.S.C. §1983 ("Section 1983") action brought by Allen Bennett ("Bennett") against a host of defendants. Here is a brief recap of the case history to this point:

1. This Court's July 25, 2003 memorandum opinion and order dismissed out then Chicago Police Superintendent Terry Hillard and Cook County State's Attorney Richard Devine, against neither of whom Bennett had advanced any allegations. Although any claims against Chicago Police Officers Katherine Crow ("Crow") and S. Henricks ("Henricks") were clearly more than two years old (so as to be potentially vulnerable on statute of limitations grounds), the opinion correctly characterized that as a potential affirmative defense, so that neither officer was dismissed at that point.

2. Bennett then filed a First Amended Complaint

("FAC"), dropping the two previously-dismissed defendants but retaining officers Crow and Henricks and Assistant State's Attorney Joan Pernecke ("Pernecke," who had been named in the original Complaint) and adding two new defendants, Deenihan and Assistant State's Attorney James Fitzgerald ("Fitzgerald").

3. When the City of Chicago's Corporation Counsel then (not surprisingly) raised the statute of limitations issue by an oral motion seeking the dismissal of Officers Crow and Henricks, this Court granted that motion.

4. Next this Court's September 11, 2003 memorandum opinion and order found Fitzgerald absolutely immune under Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) and dismissed him as well.

5. Finally, this Court's longer October 2, 2003 memorandum opinion and order reviewed the dismissal motion that had been filed on behalf of Pernecke and, although the motion and supporting memorandum had mistakenly relied in part on an unsound premise of her Eleventh Amendment absolute immunity, this Court found that Pernecke (like Fitzgerald) was protected by the mantle of absolute prosecutorial immunity and therefore dismissed her as well. As for remaining defendant Deenihan, the United States Marshals Service has made an unsuccessful effort to serve her and

is currently making an additional attempt to do so. But in light
of the fact that she has not yet been located, this Court has
taken a more in-depth look at the putative claim against her--and
that further review of the FAC has confirmed that Bennett's
purported constitutional claim against Deenihan is totally
unsupportable on its face, so that this action should be put to
rest in its entirety.

Bennett's FAC reveals an appalling record of recidivism on
his part: multiple convictions involving such crimes as rape,
deviate sexual assault, robbery, armed robbery, possession of a
firearm by a felon and possession of a stolen motor vehicle worth
more than $25,000. But Bennett asserts that when Deenihan was
assigned to report on Bennett's prior criminal record in
connection with the presentence investigation on that last
offense, she falsely reported as a conviction one charge (in case
number 78 C 760) on which Bennett had been found <u>not</u> guilty.
Here are the relevant FAC paragraphs (copied verbatim):

> 9. Final determination of the criminal offenses
> against the plaintiff concluded by Judge Bailey, a
> finding of Not Guilty of case no. 78-C-760, a finding
> of Nolle Prosequi on case no. 76-4634 and a finding of
> Guilty on acse no. 76-4633.
>
> 10. Judge Bailey sentenced the plaintiff to 8
> years into the Illinois Department of Corrections
> (hereinafter "IDOC") for the Rape offense and 7 years
> for the Robbery with sentence to run concurrently.
>
> \*   \*   \*
>
> 42. On April 11, 2002, the plaitiff was found

guilty by a jury on this charge [possession of the stolen vehicle having a value greater than $25,000].

    43. A pre-sentence investigation was held and ordered by the Court and the defendant L. Deenihan was later appointed to the matter.

    44. Defendant Deenihan reported the the Court falsely that case no. 78-C-760 is a conviction. (See Exhibits No. 5)

    45. This was even when the defendant Deenihan had also reported the Chicago Police Rap Sheet and submitted the criminal information in it to the court which revealed that case no. 78-c-760 is not a conviction based upon the asterisk listed under the case. (See Attached Exhibits No. 6) \14\

To begin with, there is some question as to whether Deenihan really did report the one case in question as a conviction. Deenihan's report, Ex. 1 to this opinion (FAC Ex. 5), specifically identifies the sentencing disposition on each of Bennett's five convictions but says only this about the 1978 rape charge:

> April 28, 1978 Received Joliet Penitentiary under Inmate Number A81422. No further Information available.

And that was an accurate report of what appeared on Bennett's rap sheet, this opinion's Ex. 2 (FAC Ex. 6):

> -6 Feb 78,Rokas 7th, Rape
> 15 Feb 78, G.J. Ind#78-C760, Rape, Etc.
> -Rec'd 28 Apr.78,SPen Joliet, IL.#A-81422, Rape

Despite the doubtful nature of Bennett's characterization of what Deenihan did, however, this Court will accept arguendo the charge of false reporting by Deenihan. But that does not help

4

Bennett, for no constitutional deprivation flowed from Deenihan's actions, and only a constitutional deprivation will ground a Section 1983 claim. After all, Deenihan's report did not of itself deprive Bennett of liberty, and the 15-year sentence imposed on him on the auto conviction by Judge Lawrence Fox of the Cook County Circuit Court was of course an exercise of due process of law.

Accordingly Bennett has pleaded himself out of court as to sole remaining defendant Deenihan. Deenihan is therefore also dismissed as a defendant, and that means this entire action is now dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 24, 2003

# SEE CASE FILE FOR EXHIBITS